**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division**

FILED
APR 10 2009
CLERK, U.S. DISTRICT COURT
NORFOLK, VA

CHRIS MURPHY, #380512,

   Petitioner,

v.            CIVIL ACTION NO. 2:09cv51

GENE M. JOHNSON, Director of the
Virginia Department of Corrections,

   Respondent.

### UNITED STATES MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter was initiated by petition for a writ of habeas corpus under 28 U.S.C. § 2254. The matter was referred to the undersigned United States Magistrate Judge, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (c), Rule 72(b) of the Federal Rules of Civil Procedure, and Rule 72 of the Local Civil Rules of the United States District Court for the Eastern District of Virginia. For the reasons stated herein, the Court recommends that the instant petition for a writ of habeas corpus be DENIED.

#### I. STATEMENT OF THE CASE

##### A. Background

On June 27, 2007, Petitioner, Chris Murphy ("Murphy"), was convicted in the Circuit Court for the City of Hampton, Virginia, of one (1) count of second degree murder and one (1) count of use of a firearm in the commission of a felony. He was convicted pursuant to his Alford pleas of guilty.[1] Murphy was sentenced to

---

[1] North Carolina v. Alford, 400 U.S. 25, 32 (1970).

serve forty (40) years in prison for the second degree murder charge and three (3) years in prison for the use of a firearm in the commission of a felony charge, with twenty-five (25) years suspended, as reflected in the Court's Sentencing Order entered on September 6, 2007. Murphy did not appeal.

On September 9, 2008, Murphy filed a pro se petition for a writ of habeas corpus in the Supreme Court of Virginia, alleging that:

> 1. Trial counsel was ineffective because he intimidated Murphy into pleading guilty by misrepresenting facts underlying the reasons Petitioner should accept the plea;
>
> 2. Trial counsel was ineffective because he failed to fully investigate the case and prepare a defense to the charged offenses;
>
> 3. The Commonwealth's Attorney breached the plea agreement when he recommended a sentence of forty years with twenty-five years suspended; and
>
> 4. Trial counsel was ineffective for failing to file a motion to suppress the unduly suggestive identification of Petitioner.

On December 22, 2008, the Supreme Court of Virginia dismissed Murphy's habeas petition on the grounds that claims (1), (2), and (4) satisfy neither the "performance" nor the "prejudice" prong of the two-part test for ineffective assistance of counsel enunciated in Strickland v. Washington, 466 U.S. 668, 687 (1984). Record No. 081779. The Supreme Court of Virginia also found that claim (3) is barred because the non-jurisdictional issue could have been raised at trial and on appeal, but Murphy failed to do so. Id.

On January 20, 2009, Murphy executed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 ("Federal Petition"). The Court filed this petition on February 02, 2009, when Murphy submitted the $5.00 filing fee. On February 03, 2009, the Court ordered the petition to be deemed amended to substitute Gene M. Johnson, Director of the Virginia Department of Corrections ("Respondent"), as the sole respondent. On March 05, 2009, Respondent filed his Rule 5 Answer and Motion to Dismiss, accompanied by a supporting memorandum ("Respondent's Memorandum") and a Notice of Motion Pursuant to Local Rule 7(k). On March 31, 2009, Murphy filed a response to Respondent's Motion to Dismiss ("Murphy's Response").

### B. Grounds Alleged

Murphy now asserts in this Court that he is entitled to relief under 28 U.S.C. § 2254 for the same four (4) reasons raised in his state petition for a writ of habeas corpus, filed in the Supreme Court of Virginia on September 09, 2008. The Supreme Court of Virginia dismissed that petition as procedurally defaulted and on the merits. Record No. 081779.

### II. FINDINGS OF FACT AND CONCLUSIONS OF LAW

The Court FINDS that all of Murphy's claims are exhausted, but that claim (3) is procedurally defaulted; the Court will review claims (1), (2), and (4) on the merits.[2]

---

[2] Though Respondent has not asserted the statute of limitations as an affirmative defense, the Court considers here the

3

## A. **Exhaustion and Procedural Default**

The Court FINDS that all of Murphy's claims are exhausted, but claim (3) is also procedurally defaulted before this Court.

---

timeliness of Murphy's federal habeas petition. See Day v. McDonough, 547 U.S. 198, 209 (2006) (holding that federal courts are "permitted, but not obliged, to consider, sua sponte, the timeliness of a state prisoner's habeas petition"). Murphy's petition is barred by the statute of limitations. Murphy's conviction become final on July 27, 2007, thirty (30) days after the Circuit Court's June 27, 2007 sentencing order, which was the deadline for filing a notice of appeal in state court. See Va. Code Ann. § 8.01-675.3. Therefore, without considering any tolling provisions, infra, Murphy had until July 27, 2008, to file his federal petition for a writ of habeas corpus. Murphy's federal petition was not executed until January 20, 2009, which was almost six (6) months outside the applicable limitation period.

A person in state custody, however, may toll the running of the limitation period during the time in which a properly filed application for state post-conviction or other collateral proceedings remains pending. 28 U.S.C. § 2244(d)(2). Such an application remains pending throughout the state review process, including the time period between a lower state court's decision and the filing of a notice of appeal to a higher state court. Carey v. Saffold, 536 U.S. 214, 220-21 (2002); Rouse v. Lee, 339 F.3d 238, 243-44 (4th Cir. 2003) (stating that a state post-conviction proceeding for § 2244(d)(2) tolling purposes encompasses all state-court proceedings "from initial filing [in the trial court] to final disposition by the highest state court") (citing Taylor v. Lee, 186 F.3d 557, 561 (4th Cir. 1999)). In this case, no tolling of the federal statute of limitations was available because Murphy did not initiate any post-conviction proceedings until September 9, 2008, when he filed the habeas petition in the Virginia Supreme Court. The deadline for Murphy to file his federal petition for habeas corpus remained July 27, 2008, and he was almost six (6) months outside the limitation period when his petition was filed on January 20, 2009.

Accordingly, it appears the instant petition was filed outside the applicable statute of limitations, and Respondent could have asserted the statute of limitations as an affirmative defense. Because the Court has dismissed the instant petition as being procedurally defaulted, thus not relying on the statute of limitations as an affirmative defense, the Court expresses no opinion on whether Respondent "intelligently cho[se] to waive" the defense, or whether the failure to raise the defense was "merely an inadvertent error." Day, 547 U.S. at 210-11 & n.11 (2006).

In order for the Court to address the merits of this habeas petition, all of Murphy's claims must be exhausted. See 28 U.S.C. § 2254. The exhaustion requirement is satisfied when "allegations advanced in federal court . . . [are] the same as those advanced at least once to the highest state court." Pruett v. Thompson, 771 F. Supp. 1428, 1436 (E.D. Va. 1991), aff'd 996 F.2d 1560 (4th Cir. 1993). Exhaustion may be accomplished either on direct appeal or in post-conviction proceedings. See O'Sullivan v. Boerckel, 526 U.S. 838, 844 (1999) (citing Brown v. Allen, 344 U.S. 443, 447 (1953)); see also Skipper v. French, 130 F.3d 603, 610 n.4 (4th Cir. 1997). In order for a claim to be considered exhausted, it must be "fairly presented to the state courts," which means "that both the operative facts and the controlling legal principles must be presented to the state court." Matthews v. Evatt, 105 F.3d 907, 910-11 (4th Cir. 1997) (quotations omitted). "[T]he exhaustion requirement for claims not fairly presented to the state's highest court is technically met when . . . a state procedural rule would bar consideration if the claim was later presented to the state court," id. at 911 (citations omitted); such claims are treated as procedurally defaulted and barred from this Court's review. Clagett v. Angelone, 209 F.3d 370, 378-79 (4th Cir. 2000).

Further, if any of Murphy's claims were presented to the highest state court, but were not addressed on the merits by that court because they were procedurally barred in state court pursuant to an adequate and independent state procedural rule, the claims

5

are exhausted, but the procedural default prevents federal habeas review of the merits. Coleman v. Thompson, 501 U.S. 722, 750 (1991). The Fourth Circuit has ruled the procedural bar in Slayton v. Parrigan, 205 S.E.2d 680, 682 (1974),[3] to be an adequate and independent state ground. E.g., Mu'Min v. Pruett, 125 F.3d 192, 196 (4th Cir. 1997). A state court's finding of procedural default that rests upon a determination of state law is unreviewable even if the state court clearly misapplied state law. See Gilbert v. Moore, 134 F.3d 642, 657 n.14 (4th Cir. 1998).

Here, Murphy failed to file an appeal to the Supreme Court of Virginia from his conviction in the Circuit Court. The Supreme Court of Virginia held that claim (3) of Murphy's petition is procedurally barred under the rule in Slayton. Record No. 081779. This Court cannot review that determination. Gilbert, 134 F.3d at 657 n.14. Therefore, claim (3) is procedurally defaulted.

Based on the foregoing, the Court FINDS that claim (3) of Murphy's four (4) claims is procedurally defaulted under Virginia law and is therefore barred from this Court's review. Bassett, 915 F.3d at 936-37; Mu'Min, 125 F.3d at 196.

### B. Cause and Prejudice or Miscarriage of Justice

Although Murphy's claim is procedurally defaulted, he may still obtain review of the claim if he can establish either: (1)

---

[3] Slayton holds that claims that could have been raised on direct appeal, but were not, cannot be raised on state collateral review. 215 Va. at 682.

cause for the default and demonstrate actual prejudice as a result of the alleged violation of federal law, or (2) that failure to consider the claim will result in a fundamental miscarriage of justice because he is actually innocent of the crime for which he is convicted. Clagett, 219 F.3d at 379 (citing Coleman, 501 U.S. at 750); Weeks v. Angelone, 176 F.3d 249, 269 (4th Cir. 1999). Cause refers to "some objective factor external to the defense" that impeded compliance with the State's procedural rule. Strickler v. Greene, 527 U.S. 263, 283 n.24 (1999) (quoting Murray v. Carrier, 477 U.S. 478, 488 (1986)).

> Objective factors that may constitute "cause" include: (1) "interference by officials that makes compliance with the State's procedural rule impracticable"; (2) "a showing that the factual or legal basis for a claim was not reasonably available to counsel"; (3) the novelty of the claim; and (4) constitutionally ineffective assistance of counsel.

Wright v. Angelone, 151 F.3d 151, 160 n.5 (4th Cir. 1998) (quoting McCleskey v. Zant, 499 U.S. 467, 493-94 (1991)). An absence of due diligence by the petitioner will defeat an assertion of cause. See Hoke v. Netherland, 92 F.3d 1350, 1354 n.1 (4th Cir. 1996). It is Murphy's burden to establish the miscarriage of justice exception by providing new evidence that but for the asserted constitutional errors, no reasonable juror would have found the petitioner guilty. See Hazel v. United States, 303 F.Supp.2d 753, 761 (E.D. Va. 2004) (citing the standard established in Jackson v. Virginia, 443 U.S. 307, 401-02, 429 (1979) (White, J., concurring)).

It appears that Murphy seeks to argue that his procedural default should be excused due to cause and prejudice. Murphy has not established that the factual or legal basis of his claim was not reasonably available to him at the time of the state proceeding, see Hedrick v. True, 443 F.3d 342, 366 (4th Cir. 2006). Murphy contends that his plea was involuntary because he agreed to plead guilty based on the Commonwealth's promise not to seek the high end of the sentencing guidelines for second degree murder. He had access to the plea agreement and he was present at sentencing, however, thus he had access to both the factual and the legal basis of his claim at the time of the state proceeding, see id.

The Court construes Murphy to argue that Murphy meets the miscarriage of justice exception as well. Murphy has not established that but for the asserted constitutional errors, no reasonable juror would have found him guilty, see Hazel, 303 F.Supp.2d at 761 (citing the standard established in Jackson, 443 U.S. at 401-02, 429 (White, J., concurring)). Murphy claims instead that the Commonwealth Attorney breached the terms of the plea agreement. This is a contractual, not a constitutional, claim. Furthermore, in the plea agreement, the Commonwealth's Attorney agreed not to recommend more than twenty-two (22) years of active incarceration; an agreement that the Commonwealth's Attorney upheld at sentencing when he recommended three (3) years incarceration for the use of a firearm during the commission of a felony and forty (40) years incarceration with twenty-five (25) years suspended for

8

the second degree murder, for a total of eighteen (18) years of active incarceration. The Commonwealth's Attorney complied with the terms of the plea agreement.

Therefore, Murphy has failed to prove cause and prejudice or miscarriage of justice and, accordingly, claim (3) of Murphy's petition remains procedurally defaulted.

### C. Merits

The Court now considers claims (1), (2), and (4) on the merits.

#### 1. Ineffective Assistance of Counsel Standard

A federal court may not grant relief on a habeas claim previously adjudicated on the merits in state court unless that adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding.

28 U.S.C. § 2254(d). In drafting this statute, Congress "plainly sought to ensure a level of 'deference to the determinations of state courts,' provided those determinations did not conflict with federal law or apply federal law in an unreasonable way." Williams v. Taylor, 529 U.S. 362, 386 (2000) (citing H.R. Rep. No. 104-518, at 11 (1996) (Conf. Rep.), as reprinted in 1996 U.S.C.C.A.N. 944). See also Bell v. Jarvis, 236 F.3d 149, 157 (4th Cir. 2000)

9

(recognizing that, for claims adjudicated on the merits by the state court, the federal court "is limited by the deferential standard of review set forth in § 2254(d), as interpreted by the Supreme Court in Williams[].") . Consequently, "state-court judgments must be upheld unless, after the closest examination of the state-court judgment, a federal court is firmly convinced that a federal constitutional right has been violated." Williams, 529 U.S. at 387. Moreover, "[a] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be [objectively] unreasonable." Id. at 411. In deference to the state court's decision, this Court may not grant relief unless it determines that decision on the merits was "legally or factually unreasonable." See Bell, 236 F.3d at 163 (quoting Aycox v. Lytle, 196 F.3d 1174, 1178 (10th Cir. 1999)).

All of Murphy's properly exhausted claims assert ineffective assistance of counsel. The controlling standard for such claims is set forth in Strickland v. Washington, 466 U.S. 668 (1984). As such, to grant Murphy relief on his claims, this Court must find that the Virginia Supreme Court's dismissal of such claims involved an unreasonable application of Strickland. Under Strickland, the Virginia Supreme Court is required to subject Murphy's claim to a two-pronged test in which the Murphy must prove both ineffective assistance (incompetence) and prejudice. Kimmelman v. Morrison,

10

477 U.S. 365, 381 (1986). To grant relief, the state court had to find: (1) Murphy's lawyer's performance fell below the range of competence demanded of lawyers in criminal cases, Strickland, 466 U.S. at 690; and (2) there is a reasonable probability that, but for the deficient performance by counsel, the ultimate result would have been different, id. at 694.

When assessing counsel's performance under Strickland's first prong, the Supreme Court has stressed that the constitutional guarantee of effective assistance of counsel seeks only to "ensure that criminal defendants receive a fair trial," and not to "improve the quality of legal representation." Id. at 689. The reviewing court must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. In order to prevail, a petitioner "must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" Id. (quoting Michel v. Louisiana, 350 U.S. 91, 101 (1955)). Accordingly, the reviewing court must grant a "heavy measure of deference to counsel's judgments," and, in doing so, may only evaluate such performance from counsel's perspective at the time of the alleged error and in light of all the circumstances. Id. at 690-91; Kimmelman, 477 U.S. at 381. Additionally, a reviewing court generally should assess counsel's overall performance throughout the case, Kimmelman, 477 U.S. at 386, and avoid "Monday morning quarterbacking." Stamper v. Muncie, 944 F.2d 170, 178 (4th Cir. 1991); see also Strickland, 466

U.S. at 689 ("A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight . . . .").

The second prong of the <u>Strickland</u> analysis presents an equally rigorous standard. To affirmatively prove prejudice, a petitioner must do more than merely demonstrate that his attorney's error had "some conceivable effect" on the outcome of the case. <u>Strickland</u>, 466 U.S. at 693. Rather, the petitioner must demonstrate "a reasonable probability[4] that, but for counsel's unprofessional errors, the result of the proceeding would have been different." <u>Id.</u> at 694. As with the first prong, the reviewing court must consider the totality of the evidence before it in conducting the prejudice inquiry. <u>Id.</u> at 695.

Additionally, a reviewing court need not consider the two prongs of the <u>Strickland</u> analysis in sequential order. <u>Strickland</u>, 466 U.S. at 697. The court need not even address both prongs if the petitioner fails to make a sufficient showing on one. <u>Id.</u> When evaluating an ineffective assistance of counsel claim, a court should first apply whichever prong more quickly disposes of the respective claim. <u>See id.</u>

### a. **Claims (1), (2), and (4)**

---

[4] The Court notes that this standard is not so high as to require that a petitioner "show that counsel's deficient conduct more likely than not altered the outcome in the case." <u>Strickland</u>, 466 U.S. at 693-94. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." <u>Id.</u> at 694.

12

Murphy's claim (1) asserts that he was denied effective assistance of counsel because counsel intimidated Murphy into entering into a guilty plea by misrepresenting the facts underlying the reasons Murphy should accept the plea. Federal Petition, at 4. Specifically, Murphy argues that his plea was not voluntary because he would have insisted on a trial if counsel had not misrepresented the fact that Murphy's family supported a plea bargain; that there were several potential jurors who were either African American or young, contrary to counsel's claim that the jury would be composed of older, white business owners; and that second degree murder could carry a life sentence. Federal Petition, at 9. The Virginia Supreme Court found that the record demonstrated that counsel's advice was based on a reasonable assessment of the case against Murphy and the possibility that Murphy would face a harsher sentence if he went to trial. Record No. 081779, at 2.

Murphy's claim (2) asserts that he was denied effective assistance of counsel because counsel failed to fully investigate the case and prepare a defense to the charged offense. Federal Petition, at 4. Murphy argues that counsel waited until the day of the trial to interview the witness, and then sought a continuance, which was denied; as a result, Murphy alleges, counsel intimidated and deceived Murphy into entering a guilty plea because counsel was not prepared for the case to go to trial. Federal Petition, at 13-14. The Virginia Supreme Court found that counsel's performance was sufficient because counsel examined the Commonwealth's entire

13

case file and interviewed the eyewitness. Record No. 081779, at 3. In the instant case, Murphy additionally alleges that counsel should have interviewed Marlow Reed and Officer Beavis as potential witnesses. Federal Petition, at 14-15; Murphy's Response, at ix-xi. Murphy claims that he did not have access to this information before November 21, 2008, over a month after he had filed his state court habeas petition. Federal Petition, at vi; Murphy's Response, Exhibit A. However, the information was contained in counsel's case file, so counsel had that information and no further investigation was necessary.

Murphy's claim (4) asserts that he was denied effective assistance of counsel because counsel failed to file a motion to suppress the unduly suggestive identification of Murphy. Federal Petition, at 5. Specifically, Murphy claims that he was placed in handcuffs and held in investigative detention, surrounded by police, until Charles Scott identified Murphy as the shooter. Federal Petition, at 19. The Virginia Supreme Court found that the record showed that the identification was not unduly suggestive. Record No. 081779, at 3.

The Supreme Court of Virginia found, based on its review of the record, that Murphy failed to satisfy either prong of <u>Strickland</u> for claims (1), (2), and (4) because he did not demonstrate that "counsel's performance was deficient or that there is a reasonable probability that, but for counsel's alleged errors, he would have pleaded not guilty, would have proceeded to trial,

14

and the outcome of the proceedings would have been different." Record No. 081779, at 2-3. Because the Supreme Court of Virginia clearly articulated the rationale behind its ruling, an independent review of the record is not necessary. See Bell v. Jarvis, 236 F.3d 149, 163 (4th Cir. 2000). This Court may not grant relief on any claim previously adjudicated on the merits in state court unless one of the two statutory exceptions applies. There is nothing to suggest that adjudication on the merits by the state court was contrary to, or an unreasonable application of, clearly established federal law. On its face, the state court's rationale would appear to be a reasonable application of Strickland v. Washington, 466 U.S. 668 (1984), which provides the controlling standard in ineffective assistance of counsel claims, and Hill v. Lockhart, 474 U.S. 52 (1985), which addresses the application of Strickland to guilty plea challenges. Moreover, there is nothing to suggest that adjudication on the merits by the state court resulted in a decision that was based on an unreasonable determination of the facts.

Based on the foregoing, Murphy has failed to show that the Supreme Court of Virginia's dismissal of this claim on the merits was either factually or legally unreasonable. Accordingly, this Court RECOMMENDS that claims (1), (2), and (4) be DENIED.

## IV. RECOMMENDATION

For the foregoing reasons, having found that claim (3) of Murphy's petition is procedurally defaulted and that claims (1),

15

(2), and (4) are without merit, the Court recommends that Murphy's petition for a writ of habeas corpus be DENIED, that Respondent's motion to dismiss be GRANTED, and that all of Murphy's claims be DISMISSED WITH PREJUDICE.

Murphy has failed to demonstrate "a substantial showing of the denial of a constitutional right."  Therefore, it is recommended that the Court decline to issue any certificate of appealability pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure. See Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003).

### V. REVIEW PROCEDURE

By copy of this Report and Recommendation, the parties are notified that:

1. Any party may serve upon the other party and file with the Clerk specific written objections to the foregoing findings and recommendations within ten (10) days from the date of mailing of this report to the objecting party, see 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure, plus three (3) days permitted by Rule 6(e) of said rules.  A party may respond to another party's specific objections within ten (10) days after being served with a copy thereof.  See Fed. R. Civ. P. 72(b).

2. A district judge shall make a de novo determination of those portions of this report or specified findings or recommendations to which objection is made.  The parties are further notified that failure to file timely objections to the

findings and recommendations set forth above will result in a waiver of the right to appeal from a judgment of this Court based on such findings and recommendations. <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>Carr v. Hutto</u>, 737 F.2d 433 (4th Cir. 1984); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984).

/s/ F Bradford Stillman
UNITED STATES MAGISTRATE JUDGE

Norfolk, Virginia
April 10, 2009

**CLERK'S MAILING CERTIFICATE**

A copy of the foregoing Report and Recommendation was mailed this date to the following:

Chris Murphy, #380512
Pocahontas Correctional Center
P.O. Box 518
Pocahontas, VA 24635
PRO SE

Rosemary V. Bourne
Assistant Attorney General
Office of the Attorney General
900 E Main St
Richmond, VA 23219
COUNSEL FOR RESPONDENT


Fernando Galindo,
Clerk of Court


By: _____
Deputy Clerk

April      , 2009